No. 87–5170. MCCULLOCH v. UNITED STATES; and
No. 87–5266. JONES v. UNITED STATES. C. A. 11th Cir.
Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In March 1981, petitioners were tried for their participation in an
interstate network that duplicated and distributed unauthorized re-
productions of copyrighted sound recordings—so-called "pirated"
tape recordings. At the conclusion of their trial, petitioners were
convicted of numerous counts of interstate transportation of pirated
tapes (18 U. S. C. § 2314), conspiracy to violate the copyright laws,
and wire fraud. Also, using these substantive convictions as
"predicate acts," the Government successfully prosecuted petition-
ers for conducting (and conspiring to conduct) a racketeering enter-
prise in violation of the Racketeer Influenced and Corrupt Orga-
nizations Act (RICO). 18 U. S. C. §§ 1962(c) and (d).

Subsequently, in *Dowling* v. *United States,* 473 U. S. 207 (1985),
this Court held that criminal penalties could not be imposed for in-
terstate transportation of pirated tapes under § 2314. As a result,
petitioners initiated this action, pursuant to 28 U. S. C. § 2255 to
have their convictions set aside. The District Court vacated the
convictions under § 2314, but refused to alter petitioners' convic-
tions for wire fraud or the RICO violations. *Cooper* v. *United
States,* 639 F. Supp. 176 (MD Fla. 1986). The Court of Appeals
affirmed in a judgment order, 822 F. 2d 63 (CA11 1987), relying
on the District Court's opinion. App. to Pet. for Cert. in No.
87–5170, p. A–2.

These petitions present the question whether a RICO conviction may stand when some—but not all—of a defendant's convictions for the predicate acts which are the basis of his RICO conviction are vacated. Here, the District Court vacated 6 of petitioner McCulloch's 11 predicate-act convictions, and 6 of petitioner Jones' 14 convictions. *Cooper, supra,* at 187. The jury's verdict on the RICO counts did not indicate which of these various predicate acts formed the basis on which it found "a pattern of racketeering activity." 18 U. S. C. § 1962(c). The District Court allowed the RICO convictions to stand.

The courts below followed a prior decision of the Fifth Circuit, *United States* v. *Peacock,* 654 F. 2d 339 (1981), cert. denied, 464 U. S. 965 (1983). There, the Fifth Circuit vacated several convictions for predicate acts committed by three RICO defendants, but concluded that where "each of the appellants [was properly] convicted by the jury of at least two racketeering acts which were related to the . . . enterprise," their RICO convictions remained valid. 654 F. 2d, at 348. The Fifth Circuit recognized that this holding was in conflict with an opposing conclusion reached in *United States* v. *Brown,* 583 F. 2d 659 (1978), cert. denied, 440 U. S. 909 (1979), where the Third Circuit reversed two defendants' RICO convictions when two of their four convictions for predicate acts were found to be invalid. 583 F. 2d, at 669. The Seventh and the Ninth Circuits have recognized this conflict, but have declined to adopt either position to date. See *United States* v. *Anderson,* 809 F. 2d 1281, 1284–1285 (CA7 1987); *United States* v. *Lopez,* 803 F. 2d 969, 976 (CA9 1986), cert. denied, 481 U. S. 1030 (1987).

Because of the disagreement and uncertainty among the Courts of Appeals over the proper application of this important federal criminal statute, I would grant certiorari to resolve the conflict.